UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jabbar Jomo Straws,<br><br>                Plaintiff,<br><br>v.<br><br>James R. Metts, Lexington County Sheriff's Department;<br>Det. Eddie Prestigiacomo, Lexington County Sheriff's Department;<br>Major NFN Harris, Lexington County Detention Center;<br>Sgt. NFN Timmerman, Lexington County Police Department;<br>Ptl. A. Rish, Lexington County Police Department;<br>Det. Keith Kirshner, Lexington County Police Department;<br>Cpl. NFN Hobbs, Lexington County Police Department;<br>and Elizabeth Fullwood, Lexington County Public Defenders Office,<br><br>                Defendants.<br>_____ | C/A No. 4:07-00805-HFF-TER<br><br><br><br>REPORT<br>AND<br>RECOMMENDATION |

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at the Lee Correctional Institution, a facility of the South Carolina Department of Corrections, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. In the complaint, plaintiff alleges that defendants James R. Metts (Metts), Sgt. NFN Timmerman (Timmerman), Ptl. A. Rish (Rish), Det. Keith Kirshner (Kirshner) and Cpl. NFN Hobbs (Hobbs) slandered him. Plaintiff alleges that defendant Det. Eddie Prestigiacomo (Prestigiacomo) violated his Miranda rights. Plaintiff complains of defendant Elizabeth Fullwood's (Fullwood) actions as his public defender. Finally, plaintiff states

---

[1]Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

that defendant Major NFN Harris (Harris) denied him access to law books and failed to forward his legal mail once he was transferred to the South Carolina Department of Corrections. Plaintiff requests compensation.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. at 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

The Plaintiff is a *pro se* litigant, and his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at

519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978)*; Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. at 5. Even under this less stringent standard, the *pro se* complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

Discussion

Plaintiff brings this action against defendant Prestigiacomo for an alleged violation of his Miranda rights. Plaintiff states that defendant Prestigiacomo "violated my Miranda rights by questioning me after my request for an attorney." (Compl. at 4.). It is assumed that, in making his claim, plaintiff is relying on the Supreme Court case of *Miranda v. Arizona*, 384 U.S. 436 (1966). The seminal holding of *Miranda* is that:

> there can be no doubt that the Fifth Amendment privilege [against self-incrimination] is available outside of criminal court proceedings and serves to protect persons in all settings in which their freedom of action is curtailed in any significant way from being compelled to incriminate themselves. We have concluded that without proper safeguards the process of in-custody interrogation of persons suspected or accused of crime contains inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely. In order to combat these pressures and to permit a full opportunity to exercise the privilege against self-incrimination, the accused must be adequately and effectively apprised of his rights and the exercise of those rights must be fully honored.

*Id.* at 467.

However, "[t]he right protected under the Fifth Amendment is the right not to be compelled to be a witness against oneself in a criminal prosecution, whereas the 'right to counsel' during custodial interrogation recognized in *Miranda v. Arizona*, is merely a procedural safeguard, and not

a substantive right." *Giuffre v. Bissell*, 31 F.3d 1241, 1256 (3d Cir. 1994) (citations omitted). The *Miranda* decision does not suggest that officers who fail to observe its tenets are subject to civil liability. *See, e.g.*, *Bennett v. Passic*, 545 F.2d 1260, 1263 (10th Cir. 1976). Rather, "failing to follow *Miranda* procedures triggers the prophylactic protection of the exclusion of evidence, but does not violate any substantive Fifth Amendment right such that a cause of action for money damages under § 1983 is created." *Jones v. Cannon*, 174 F.3d 1271, 1291 (11th Cir. 1999). *See Neighbour v. Covert*, 68 F.3d 1508, 1510 (2d Cir. 1995) ("The remedy for a *Miranda* violation is the exclusion from evidence of any ensuing self-incriminating statements."); *Warren v. City of Lincoln, Neb.*, 864 F.2d 1436, 1442 (8th Cir. 1989) ("[T]he remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a section 1983 action."). *See also, Bennett v. Passic*, 545 F.2d at 1263 (*Miranda* "requires, at most, only that any confession made in the absence of such advice of rights be excluded from evidence."); *Thornton v. Buchmann*, 392 F.2d 870, 874 (7th Cir. 1968) (holding that failure to give *Miranda* warnings would prevent use of statements in a criminal trial). Although plaintiff can seek to have his statements excluded from criminal proceedings against him, he cannot recover money damages because he made the statements without a lawyer present. Therefore, defendant Prestigiacomo should be summarily dismissed.

Plaintiff brings this cause of action against defendant Fullwood, his public defender, stating that she "waved my prelimenary hear and my *first* initial appearence in court. She also forged her name on the paper work." (Compl. at 5.) In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a

4

jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 & nn. 8-16 (1981) (public defender). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Plaintiff brings this action against defendant Fullwood for actions taken while she was plaintiff's public defender. Because there is no state action by defendant Fullwood, she is entitled to summary dismissal.

Plaintiff brings this action against defendant Harris in an attempt to state a denial of access to courts claim. Plaintiff alleges he was denied access to law books and his legal mail was not forwarded once he was transferred to the South Carolina Department of Corrections. The plaintiff's allegations relating to the lack of access to law books while a pre-trial detainee at the Lexington County Detention Center do not raise a cognizable § 1983 claim. Longstanding case law in this circuit provides that if a pre-trial detainee has an attorney – or *is offered counsel but waives his or her right to counsel* – he or she has no constitutional right of access to a law library or to legal materials when he or she is a pre-trial detainee. *See United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978). In *United States v. Chatman*, the Court concluded that *Bounds v. Smith*, 430 U.S. 817 (1977), was not applicable to a pre-trial detainee:

> We do not read *Bounds* to support that conclusion. *Bounds* was concerned with the rights to equal protection and to access to the courts of prisoners who sought to invoke post-conviction relief. . . . *Bounds*, of course, has no direct application to defendant. He was accused of a crime and had an absolute right to counsel, which he validly waived; he had no present thought of pursuing post-conviction relief. But,

> even so, we do not read *Bounds* to give an option to the Prisoner as to the form in which he elects to obtain legal assistance. The option rests with the government which has the obligation to provide assistance as to the form which that assistance will take. Thus, to the extent that it may be said that *Bounds* has any application to the instant case, the United States satisfied its obligation under the sixth amendment when it offered the defendant the assistance of counsel which he declined.

*United States v. Chatman*, 584 F.2d at 1360 (citations omitted). *Cf. Lewis v. Casey*, 518 U.S. 343 (1996).

The United States Court of Appeals for the Fourth Circuit has also ruled that the Constitution of the United States does not require every local jail even to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). The holding in *Magee v. Waters* is based on the knowledge that county jails are generally short-term facilities, wherein "'the brevity of confinement does not permit sufficient time for prisoners to petition the courts.'" *Id.* at 452. *See also Cruz v. Hauck*, 515 F.2d 322, 331-33 (5th Cir. 1975).

Plaintiff also brings this action against defendant Harris claiming that "the jail did not forward my legal mail from the U.S. Courts to the institution that they transferred me to. . . . This caused my case against them to be dismissed." (Compl. at 5.) While plaintiff does not provide a case number for the case he claims was dismissed because he did not receive his mail, this Court takes judicial notice that plaintiff has filed multiple suits involving the Lexington County Detention Center.[2] Of those cases, case number 4:06-01929-HFF was dismissed on October 4, 2006. Plaintiff has failed to establish that he has been deprived of a constitutional right as a result of the dismissal of this case. Plaintiff has not been denied access to the Court because case number 4:06-01929-HFF

---

[2]The Court may take judicial notice of proceedings had before it in a prior suit with the same parties. *Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954); *see Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records'").

6

was dismissed without prejudice to refile. Therefore, the claims against defendant Harris should be summarily dismissed.

Plaintiff brings this action against defendants Metts, Timmerman, Rish, Kirshner and Hobbs, alleging that he was slandered by these defendants. Plaintiff's allegations set forth causes of action based in state law. Through the exercise of "supplemental jurisdiction," federal courts may hear and decide state law claims in conjunction with federal law claims. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998). Because plaintiff has asserted no viable federal claims, this Court should not exercise "supplemental" jurisdiction over plaintiff's state claims. *See Lovern v. Edwards*, 190 F.3d at 655 ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

A civil action for plaintiff's state claims could be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992), *aff'd*, 10 F.3d 806 (4th Cir. 1993)[Table]. The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). The complaint implies that all parties are located in the State of South Carolina. Accordingly, this Court has no diversity jurisdiction of this case because plaintiff and defendants are all "citizens" of the State of South Carolina, which defeats the required complete diversity of parties. This case should be dismissed because the complaint fails to allege facts establishing either federal question or diversity jurisdiction in this Court.

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**

                                        Respectfully submitted,

                                        s/Thomas E. Rogers, III
                                        Thomas E. Rogers, III
                                        United States Magistrate Judge

April 23, 2007
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).